22623

The STATE, Respondent v. Earl Jerome STONE, Appellant.

(350 S. E. (2d) 517)

Supreme Court

*Asst. Appellate Defender Stephen P. Williams, Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Sept. 17, 1986.

Decided Nov. 3, 1986.

NESS, Chief Justice:

Appellant was convicted of criminal sexual conduct with a minor in connection with a sexual assault on his seven-year old step-daughter. We affirm.

Appellant's two previous trials on this charge ended in mistrials. On the morning of the second day of the third trial, an article concerning the case appeared on the front page of the local newspaper. The first page of the article stated appellant's two previous trials had ended by mistrial, and pointed out that he was also charged with sexually assaulting his other two step-daughters. The remainder of the article, which appeared on page six, recited testimony given during the trial.

Defense counsel moved to have the jury polled to determine if any of the jurors had read the article and, if so, to grant a mistrial. The trial judge questioned each juror individually, out of the presence of the others, concerning the article. Juror Sherrald had read the article, but stated he had not formed any opinion about the case. Juror Rhodes read that portion of the article which appeared on page one, but he did not read the conclusion on page six. Rhodes said he could decide the case based only on the evidence presented at trial.

The trial judge found the article prejudicial to appellant, but specifically found neither juror had been prejudiced by reading it. Nonetheless, he excused Juror Sherrald, replacing him with the alternate. Juror Rhodes was allowed to remain on the jury.

Appellant asserts error in allowing Juror Rhodes to re-

main on the jury. Since both jurors read the portion of the article which was prejudicial to appellant, he argues both should have been excused.

When newspaper articles concerning a criminal case appear during the trial of the case, the court should determine whether the content of the article is prejudicial to the defendant. The judge then must determine if any of the jurors have read the article. If so, he must invoke the appropriate curative measures. *State v. Salters*, 273 S. C. 501, 257 S. E. (2d) 502 (1979).

In this case, the trial judge determined the article was prejudicial, and properly conducted the *voir dire* to determine which jurors had read the article. We must now determine what curative measures are adequate, a question left unresolved by our decision in *Salters*.

The goal of the corrective measures is to insure the defendant's right to a fair trial has not been compromised. Cautionary instructions or substitution of alternate jurors may cure the prejudice caused by the publicity. *United States v. Hankish*, 502 F. (2d) 71 (4th Cir. 1974). The determination of what curative measures are appropriate in a given case rests in the sound discretion of the trial judge. He should exhaust other methods to cure the prejudice before aborting a trial. *Id.* at 77.

Here, the trial judge determined that both jurors who read the article were able to decide the case based only on the evidence presented. We believe this is sufficient to cure the prejudice created by the article. *See e.g., State v. Plath*, 277 S. C. 126, 284 S. E. (2d) 221 (1981) [Mere exposure to pretrial publicity does not automatically disqualify a prospective juror. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based upon the evidence presented in court.] *See also, Stevens v. McGaha*, 253 S. C. 378, 170 S. E. (2d) 758 (1969) [No error in refusing mistrial in tort action where two jurors read news article regarding defendant's insurance coverage, where both jurors stated article would not affect their verdict and trial judge gave curative instruction.] Had the jurors who read the article expressed any hesitation about their objectivity, further corrective measures would have been necessary.

In light of their responses to the trial judge's questions, it was unnecessary for the trial judge to excuse either juror. The trial judge's *voir dire* of the jurors clearly established that no member of the jury had been prejudiced by the article. The trial judge's extreme caution in excusing one of the jurors did not require that the other be excused as well.[1]

Appellant's remaining exceptions were not argued in the brief and are deemed abandoned. *State v. Sullivan*, 277 S. C. 35, 282 S. E. (2d) 838 (1981). The conviction and sentence are affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] The trial judge offered to excuse both jurors, and to continue the trial with a jury of eleven. Appellant refused this offer.