23104

The STATE, Respondent v. Paul WASSON, Appellant.

(386 S. E. (2d) 255)
Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard Oct. 3, 1989.

Decided Nov. 13, 1989.

HARWELL, Justice:

Appellant was convicted of criminal conspiracy, burglary in the second degree, and grand larceny. The issue on appeal is whether the trial judge abused his discretion in denying appellant's motion for a mistrial based upon the fact that during the course of jury service, two jurors read a newspaper article discussing the appellant's involvement in other criminal activity.

## FACTS

The jury found Wasson guilty of all three offenses. Following the reading of the verdict, the trial judge, on his own motion began to question the jurors about a newspaper article involving Wasson that the trial judge had heard the jurors discussing. The newspaper article was titled "Witness details camper thefts along a coast" and was published by The SUN NEWS on May 21, 1987, the second day of Wasson's trial. The article discussed Wasson's alleged extraneous criminal activity including information that additional burglary charges for similar crimes were pending against Wasson and that the police suspected Wasson's in-

volvement in a theft ring and in a number of other cases across the country. The article also summarized testimony given during Wasson's trial.

Three jurors stated that they had seen the article, but only two jurors indicated that they had read the newspaper article. The trial judge subsequently questioned those two jurors as to whether reading the newspaper article had any bearing on their verdict or on the outcome of the case. Both jurors admitted they had discussed the newspaper article with their fellow jurors *after* they had voted on the issue of Wasson's guilt or innocence. The jury was thereafter polled as to their verdict. All of the jurors affirmed the verdict.

Wasson's counsel made a motion for a mistrial on the ground that because two of the jurors had read the newspaper article, Wasson was irreparably prejudiced in his ability to receive a fair trial. Wasson's counsel argued that it was questionable as to whether the two jurors who had read the article could have sufficiently disabused themselves of the information contained in the newspaper article.

The newspaper article was admitted into evidence. The trial judge denied Wasson's motion for a mistrial and stated that he was satisfied with the assurances of the two jurors who had read the newspaper article that it did not affect their decision. This appeal follows.

## DISCUSSION

The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court whose ruling will not be disturbed on appeal in the absence of an abuse of discretion amounting to an error of law. *State v. Tuckness*, 257 S. C. 295, 185 S. E. (2d) 607 (1971). A mistrial should not be granted except in cases of manifest necessity and ought to be granted with the greatest caution for very plain and obvious reasons. *State v. Prince*, 279 S. C. 30, 301 S. E. (2d) 471 (1983). "The burden on motion for mistrial because of anything occurring during trial is upon movant to show not only error, but resulting prejudice." *State v. Tuckness*, 257 S. C. at 303, 185 S. E. (2d) at 610.

The trial judge has a large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial; each case must turn on its special facts. *Marshall v. U. S.*, 360 U. S. 310,

79 S. Ct. 1171, 3 L. Ed. (2d) 1250 (1959). Such prejudice may be shown where a trial judge fails to make a determination as to whether information obtained in newspaper article appearing during the trial and concerning a defendant's criminal activity which is unrelated to the crime for which he is being tried is prejudicial, thereby requiring a new trial. *State v. Salters*, 273 S. C. 501, 257 S. E. (2d) 502 (1979). When such newspaper articles appear during the course of the trial, the trial judge must determine if they are prejudicial and if any of the jurors have read them. *State v. Stone*, 290 S. C. 380, 350 S. E. (2d) 517 (1986). If so the trial judge must invoke the appropriate curative measures. *Id.*

> The goal of corrective measures is to insure the defendant's right to a fair trial has not been compromised ... The determination of what curative measures are appropriate in a given case rests in the sound discretion of the trial judge. He should exhaust other methods to cure the prejudice before aborting a trial.

*State v. Stone*, 290 S. C. at 382, 350 S. E. (2d) at 518.

This case reveals that the trial judge, on his own motion, questioned the jury about the newspaper article. When two members of the jury disclosed to the trial judge that they had in fact read the newspaper article, the trial judge further inquired as to the effect the newspaper article had upon them and the jury panel as a whole. The trial judge clearly satisfied any duty he had to insure the impartiality of the jury. While two members of the jury had read the newspaper article, they stated that it had not affected their decision as to Wasson's guilt or innocence of the charges against him. Additionally, the two jurors stated that they had not discussed the newspaper article with the other jurors until *after* the verdict had been reached.

Only after the trial judge was satisfied that the jury's verdict had been reached free from any outside influences, did he deny Wasson's motion for a mistrial. The trial judge did not abuse his discretion in denying the motion for a mistrial.

Affirmed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.