489 S.E.2d 478

**The STATE, Respondent,**

v.

**Alfred CRIM, Appellant.**

No. 24675.

Supreme Court of South Carolina.

Heard June 17, 1997.

Decided Aug. 11, 1997.

---

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Assistant Appellate Defender Lesley M. Coggiola, of S.C. Office of Appellate Defense, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General G. Robert Deloach, III, and Solicitor Warren B. Giese, Columbia, for respondent.

MOORE, Justice:

Appellant was convicted of felony driving under the influence (DUI) and driving under suspension (DUS), second offense. The trial judge denied appellant's motions for a mistrial. We affirm.

## FACTS

Appellant stole a car parked at a restaurant. Approximately two miles from where the car was stolen, appellant crossed the center lane and struck a car driven by Ray Elizabeth Roberts, the sixty-one-year-old victim. Along with the felony

DUI and DUS charges, appellant was indicted for larceny for stealing the car.

The State sought to introduce evidence concerning the larceny of the car to establish "a full presentation of the crime." Appellant objected. The trial judge stated he was inclined to rule the evidence of the larceny was inadmissible. However, he stated that he would finally decide once he heard all of the testimony. In the meantime, it was agreed that the solicitor would not refer to the larceny or the fact that the car was taken without permission. During opening arguments, the solicitor made references to appellant taking the car without permission. Appellant objected and moved for a mistrial. The trial judge denied appellant's mistrial motion.

During the trial, the son of the car's owner testified he had driven the car to a restaurant by himself and when he exited the restaurant, he saw someone drive off in his parent's car. Appellant did not object to this testimony. Later, Cynthia Nelson, the owner of the car, testified her son had driven her car to a restaurant to pick up dinner. The solicitor questioned the woman about the condition of the car when her son left for the restaurant. Appellant objected. The trial judge sustained the objection. Appellant then moved for a mistrial on the ground the State had implied that appellant had stolen the car. The trial judge denied the mistrial motion because he stated he had sustained the objection and had asked the jury to disregard ownership of the car.

Darlene Bagwell then testified that she took pictures of the car after the accident. While testifying she identified Cynthia Nelson in a picture and stated Nelson was the owner of the car. Appellant objected and moved to strike. The trial judge sustained the objection and ordered the answer stricken. Appellant did not move for a mistrial after the trial judge struck this testimony.

## ISSUE

Did the trial judge err in denying appellant's motions for a mistrial?

## DISCUSSION

Appellant contends the trial judge erred in denying his motions for a mistrial. We disagree.

It is well-settled that the decision to grant or deny a mistrial is within the sound discretion of the trial judge. *State v. Dawkins,* 297 S.C. 386, 377 S.E.2d 298 (1989). The power of the court to declare a mistrial ought to be used with the greatest caution and for plain and obvious causes stated into the record by the judge. *Id.* A mistrial should not be ordered in every case where incompetent evidence is received and later stricken out. *State v. Simpson,* 325 S.C. 37, 479 S.E.2d 57 (1996).

An instruction to disregard objectionable evidence usually is deemed to have cured the error in its admission unless on the facts of the particular case it is probable that notwithstanding such instruction the accused was prejudiced. *State v. Craig,* 267 S.C. 262, 227 S.E.2d 306 (1976); *State v. Campbell,* 259 S.C. 339, 191 S.E.2d 770 (1972). The State attempted to introduce the larceny offense as part of the res gestae of the felony DUI. Clearly, the larceny which occurred only moments before the accident is relevant to the felony DUI offense stemming from appellant's use of the stolen car. *See State v. Hough,* 480 S.E.2d 77 (S.C. Sup.Ct. 1997)(testimony about defendants purchasing crack with proceeds from sale of items taken in robbery the day after are necessary for full presentation of case and admissible as res gestae); *State v. Adams,* 322 S.C. 114, 470 S.E.2d 366 (1996)(defendant's use of cocaine prior to robbery and murder was admissible under res gestae because the drug usage was inextricably intertwined with robbery and murder); *State v. Williams,* 321 S.C. 455, 469 S.E.2d 49 (1996)(defendant's drug purchases prior to murder were admissible as res gestae). Since the evidence of the larceny was admissible, appellant has shown no prejudice from the references to it. *See State v. Johnson,* 306 S.C. 119, 410 S.E.2d 547 (1991). Therefore, appellant was not entitled to a mistrial and the trial judge did not err in refusing to grant one.

**AFFIRMED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.