THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Murphy L. Rivers,       
Appellant.
 
 
 

Appeal From Charleston County
Daniel  F.  Pieper, Circuit Court Judge

Unpublished Opinion No. 2004-UP-636
Submitted December 1, 2004  Filed December 16, 2004 

AFFIRMED

 
 
 
Assistant Appellate Defender 
 Aileen P. Clare, of Columbia, for Appellant.
Attorney General Henry Dargan 
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, 
 all of Columbia, for Respondent.
 
 
 

 PER CURIAM:  In this appeal, we must decide 
 whether the circuit court erred in denying the defendants motion for a mistrial 
 due to alleged juror misconduct.  We find no abuse of discretion and therefore 
 affirm.
FACTS
Murphy Rivers was indicted for assault with intent 
 to kill and tried before a jury.  The trial continued over the course of two 
 days.  On the morning of the second day, defense counsel raised a concern about 
 possible juror misconduct that allegedly occurred during the previous days 
 proceedings.  The following colloquy took place outside the presence of the 
 jury:

DEFENSE COUNSEL: Your Honor, 
 it came to my attention on [sic] yesterday after the close of the testimony 
 that a member of the jury had been sleeping throughout a substantial part of 
 the trial, and for that reason we would move for a mistrial.
THE COURT: I would deny that. 
 It is a little late to bring it to the Courts attention.
DEFENSE COUNSEL: It wasnt until 
 after the jury had left the Court yesterday that people who were in the Courtroom 
 advised us of that.
THE COURT: Bring in the jury.  

Rivers moved for a mistrial, which was denied.  
 The issue of the allegedly sleeping juror was not raised to or addressed by 
 the circuit judge any further.  At the conclusion of the trial, the jury found 
 Rivers guilty of the crime charged.  Rivers now appeals the circuit courts 
 denial of his motion for a mistrial.
STANDARD OF REVIEW
The decision to grant or deny a motion for a mistrial 
 is a matter within the sound discretion of the trial court. Creighton v. 
 Coligny Plaza Ltd. Pship, 334 S.C. 96, 118, 512 S.E.2d 510, 521 (Ct. App. 
 1998).  Absent an abuse of discretion, the decision of the trial court will 
 not be overturned on appeal. Id.  The burden is upon the moving party 
 to show not only error, but resulting prejudice. State v. Wasson, 299 
 S.C. 508, 510, 386 S.E.2d 255, 256 (1989). In any event, the grant of a mistrial 
 is an extreme measure that should not be granted unless absolutely necessary, 
 and the trial judge should exhaust all other methods to cure possible prejudice 
 before aborting a trial. Id.
LAW/ANALYSIS
Rivers argues the circuit court abused 
 its discretion by denying his motion for a mistrial without investigating the 
 allegations of juror misconduct.  We disagree.
Rivers argues that an abuse of discretion 
 must be found based on our opinion in State v. Hurd, 325 S.C. 384, 480 
 S.E.2d 94 (Ct. App. 1996).  In Hurd, the trial court refused the defendants 
 request to question a juror who appeared to be asleep during portions of closing 
 arguments and jury instructions.  We reversed the defendants conviction, stating 
 that a trial court should at least attempt to make this determination whenever 
 a juror appears to be asleep. Id. at 390, 480 S.E.2d at 97.  The trial 
 court in Hurd made no such inquiry.   Thus, we held the trial judge should 
 have either determined whether the juror was in fact asleep, recharged the entire 
 jury, or replaced the juror. Id. 
 The present case is readily distinguishable 
 from Hurd.  First, and most importantly, Rivers did not request that 
 the trial judge conduct any investigation into the matter of alleged juror misconduct.  
 Rivers simply accepted the trial judges denial of his motion for a mistrial 
 without asking the court to voir dire the juror or undertake further inquiry.  
 Because Rivers bore the burden of showing the juror was asleep or otherwise 
 engaged in misconduct, his failure to request direct examination of the jurorunlike 
 the defendant in Hurdwaives any complaint on appeal.  See State 
 v. Smith, 338 S.C. 66, 75, 525 S.E.2d 263, 268 (Ct. App. 1999) (holding 
 that defendants failure to request that the trial judge investigate allegations 
 that a juror was asleep during trial waives any complaint on appeal); see 
 also State v. Cooper, 334 S.C. 540, 550-51, 514 S.E.2d 584, 589-90 
 (1999) (noting that counsel must request that the trial court investigate juror 
 misconduct).
Further distinguishing the instant case 
 is the fact that, in Hurd, the defense counsel reported that he actually 
 saw the juror sleeping, and the trial judge agreed there was cause for concerndeclaring 
 specifically that he noticed [the juror] nodding off a couple of times but 
 that the juror was alert during most of the charge. 325 S.C. at 388-89, 480 
 S.E.2d at 97.  Here, on the other hand, defense counsel based his motion solely 
 on the statement of an unnamed third party that a juror was asleep.  No assertion 
 was made that defense counsel or anyone else directly involved in the trial 
 witnessed any juror misconduct.  It would be difficult indeed to fault the trial 
 judge for giving little credence to these unsupported, unverifiable allegations.  
 These bare assertions clearly fall well short of the necessary showing to warrant 
 the grant of a motion for mistrial.
CONCLUSION
We find Rivers waived any complaint on 
 appeal regarding the alleged juror misconduct by failing to request that the 
 trial judge investigate the matter.  Moreover, we otherwise find no abuse of 
 discretion by the trial judge given the scant grounds raised in support of the 
 motion for a mistrial. The ruling of the circuit court is therefore
AFFIRMED.  
 HUFF, KITTREDGE, and BEATTY, JJ., concur.