658 S.E.2d 101

The STATE, Respondent,

v.

Nathaniel Kennedy FERGUSON, Jr., Appellant.

No. 4342.

Court of Appeals of South Carolina.

Submitted Jan. 2, 2008.

Decided Feb. 20, 2008.

---

Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Deputy Attorney General Melody J. Brown, all of Columbia; and Solicitor Jerry W. Peace, of Greenwood, for Respondent.

HEARN, C.J.

Nathaniel Ferguson, Jr., appeals his convictions for murder and possession of a firearm during the commission of a violent

crime, alleging the trial court erred by denying his motion for a mistrial. We affirm.

## FACTS

On the afternoon of May 13, 2004, Ferguson shot and killed Virginia Ann Wilson (Victim) following a dispute concerning repairs to water leaking inside Victim's home. Victim's daughter, Kimberly Wilson (Girlfriend), is Ferguson's former girlfriend of ten years. Girlfriend and Ferguson have two daughters together and for the year preceding Victim's death, Girlfriend, Ferguson, their two daughters, and Ferguson's two children from a previous relationship had lived together in Girlfriend's mobile home. Three weeks before Victim's death, Girlfriend and her two children moved next door into Victim's mobile home, while Ferguson and his children from the prior relationship remained in the first mobile home

A common well and water line served the adjacent homes. Immediately before the shooting, Girlfriend's father, George Earl, had attempted to repair a water leak inside Victim's home and had turned off the water supply serving both homes.[1] During the repair, Earl asked someone to go out to the utility pole behind Victim's home to switch the water back on. Victim volunteered, but before she went outside, she placed a loaded gun in the waistband of her pants. While outside, Ferguson approached Victim to ask about the disruption to the water supply in his home.

The subsequent events, which culminated in Victim's death, are disputed. Ferguson contends he shot Victim in self-defense after she pointed and fired her gun at him. Ferguson stated he ran toward Victim "in a zigzag pattern firing my gun." However, Girlfriend testified Ferguson appeared agitated earlier that day. She stated Ferguson began cursing at Victim before retrieving his gun from the car. Girlfriend said she tried to get Victim to go back inside her house while Ferguson was retrieving his gun, but when Victim refused, Girlfriend went into Victim's home and called 911 for help. Girlfriend testified Ferguson started shooting his gun at Vic-

---

1. Detective Bolt testified Ferguson gave a statement to police the day after the shooting that Victim and Girlfriend disconnected the water line in order to annoy him.

tim as he walked toward Victim's yard. Witness Gary Bryson testified he was driving by the Victim's residence when he heard a shot and saw Ferguson and Victim in the yard. Bryson saw the Victim fall to the ground as Ferguson approached her with a gun in his hand.

During the second day of trial, in response to a question about Ferguson's behavior at the time of the shooting, Girlfriend responded that Ferguson allegedly told her she "was next." Defense counsel asked the court to strike Girlfriend's response as unresponsive to the question asked. Ferguson's counsel requested a mistrial, contending the court should strike Girlfriend's answer because the State did not notify the defense, in writing and during discovery, about Ferguson's alleged statement. The court sustained Ferguson's objection, ruling Girlfriend's answer to the solicitor's question was unresponsive. However, the court denied Ferguson's motion for a mistrial, finding a curative instruction to the jury would overcome any potential prejudice to Ferguson.

Ultimately, a jury found Ferguson guilty of murder and possession of a firearm during the commission of a violent crime. This appeal followed.

## STANDARD OF REVIEW

"The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law." *State v. Edwards*, 373 S.C. 230, 236, 644 S.E.2d 66, 69 (Ct.App.2007). "This Court favors the exercise of wide discretion of the trial court in determining the merits of [a mistrial] motion in each individual case." *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 851 (Ct.App. 1999).

## LAW/ANALYSIS

Ferguson argues the trial court erred in denying his motion for a mistrial following Girlfriend's testimony that he told her she "was next" to be shot. We disagree.

The "[g]ranting of a mistrial is a serious and extreme measure which should only be taken when the prejudice

can be removed no other way. Generally, a curative instruction to disregard the testimony is deemed to have cured any alleged error." *State v. Edwards*, 373 S.C. 230, 236, 644 S.E.2d 66, 69 (Ct.App.2007). In *Edwards*, the appellant argued the trial court erred in denying his motion for a mistrial in his prosecution for criminal sexual misconduct with a minor because the jury improperly heard evidence he hit his wife. *Id.* We affirmed the trial court, finding (1) the prosecution had not intentionally elicited the statement; (2) the statement was not offered for its truth, but as "state-of-mind" evidence; and (3) any prejudice to Edwards was cured by the court's curative instruction asking the jury to disregard the last statement given by the witness. *Id.* at 236–37, 644 S.E.2d at 69; *See also State v. Patterson*, 337 S.C. 215, 227–28, 522 S.E.2d 845, 851 (Ct.App.1999) (holding the trial court did not err in denying Paterson's motion for mistrial because an extensive curative instruction "cured any possible error and eliminated any conceivable prejudice").

Here, Ferguson's attorney asked Girlfriend on cross-examination about "words [Ferguson] had" with her. On redirect, the solicitor asked Girlfriend to discuss her observations of Ferguson's temperament prior to the shooting; Girlfriend testified Ferguson appeared "agitated." Next, the solicitor asked Girlfriend: "[W]hen you came outside and went to your mother, what was his behavior like then?" Girlfriend responded: "[H]e was just standing there looking down at my [sic] mother at the time. And when I exited the home at the same time the police was [sic] trying to get into the driveway." The solicitor then asked: "Did he ever exhibit that behavior towards you?" Girlfriend responded: "Yes, he exhibited [sic] towards me even when the police was there and they were ready to arrest him. *He looked at me and told me that I was next.*" (emphasis added).

After dismissing the jury, the court heard from both sides on defense counsel's objection to Girlfriend's answer. The solicitor contended the defense opened the door by asking Girlfriend to discuss Ferguson's behavior, and that he had informed the defense about Ferguson's alleged comment a week earlier. He further alleged the testimony was admissible as evidence of Ferguson's state of mind immediately after he shot Victim. The court ultimately sustained Ferguson's

objection, and then heard arguments as to whether a curative instruction to the jury would be sufficient to counter potential prejudice to Ferguson. Both sides submitted cases to the court, and eventually it denied Ferguson's motion for a mistrial.

When the jury returned to the courtroom, the court issued the following curative instruction:

> [S]ometimes when matters of law come up I am required to send you out of the courtroom because I may have to hear some testimony or hear some arguments that you don't need to hear so that I can make a ruling on those matters of law.... [B]efore th[e] break there was a question that was asked by the solicitor that was objected to by the defense attorney. And I have sustained that objection on the grounds that the response that the witness gave to that question was not responsive, was not responding to the question that she was asked. And I have made that ruling on the record and I would instruct you folks right now to forget about, ignore and disabuse from your mind the response that was given by the witness to the question that was asked prior to the break. It should not play any part in your fact finding function as a jury in this case. And so we're going to continue with the testimony at this time with those instructions to you....

We find the trial court properly exercised its discretion in deciding to give a curative instruction rather than granting Ferguson's motion for a mistrial.[2] We additionally find the

---

2. We note that Ferguson made neither an overt contemporaneous objection as to the sufficiency of the curative instruction, nor a renewed motion for a mistrial after the court gave the jury the curative instruction. *See State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) (finding the issue is not preserved for review if the objecting party accepts the judge's ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial). Rather, the following colloquy between the court and the attorneys ensued:

> Court: [A]ny exceptions to [the curative] instruction from the state?
> Solicitor: No, your Honor.
> Court: Mr. Price? (Ferguson's Counsel)
> Ferguson's Counsel: No, sir.
> Court: *Other than what you had already put on the record.*
> Ferguson's Counsel: *That is correct.*

court cured any potential prejudice to Ferguson with its instruction to disregard Girlfriend's response to the question posed by the solicitor. Here, as in *Edwards*, the trial court's curative instruction was simple, and the court refrained from reiterating or emphasizing the unresponsive answer. Accordingly, we find the instruction cured any potential prejudice, and we hold the trial court properly exercised its discretion in denying Ferguson's motion for a mistrial.

## CONCLUSION

For the foregoing reasons, Ferguson's convictions for murder and possession of a firearm during the commission of a violent crime are

**AFFIRMED.**[3]

KITTREDGE, J., and THOMAS, J., concur.

---

Because the additional statements between the court and Ferguson could be interpreted to satisfy the requirement of a contemporaneous objection, we have deemed the issue preserved for appellate review.

**3.** We decide this case without oral argument pursuant to Rule 215, SCACR.