THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Richard
 Stegall, Appellant.
 
 
 

Appeal From Pickens County
John C. Few, Circuit Court Judge
Unpublished Opinion No. 2009-UP-399
Heard July 22, 2009  Filed August 5, 2009    
AFFIRMED

 
 
 
 Scott David Robinson, of Greenville, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 all of Columbia; and Solicitor Robert Mills Ariail, of Greenville, for
 Respondent.
 
 
 

PER CURIAM: Richard Horace Stegall was indicted and tried for murder.  During its second
 day of deliberations, the jury notified the trial judge it was deadlocked.  The
 jury returned to the courtroom, and the trial judge issued an Allen charge.[1] 
 Neither the State nor Stegall objected to the charge.  Later that afternoon,
 the jury sent the trial judge a note that said, "We still have jurors who
 are firmly decided to different verdicts."  Both the trial judge and
 counsel for the parties understood this note to indicate continuing deadlock. 
 After declaring a mistrial, the trial judge adjourned court and walked to the
 jury room.  The jury informed him they were not deadlocked and would like to
 take another vote.  The trial judge immediately left the jury room, returning to
 the courtroom eight minutes after he had left it.  
Between the trial judge's return to the courtroom and his
 statement on the record of what transpired in the jury room, the jury notified
 the bailiff it had reached a verdict.  The trial judge conferred extensively
 with counsel concerning how to proceed.  While the State favored accepting the
 jury's verdict, Stegall maintained a mistrial was appropriate because the trial
 judge had impermissibly entered the jury room.  Given an opportunity to
 indicate anonymously whether the trial judge's appearance in the jury room had
 influenced their decision, the jurors responded it had not.  The trial judge
 then published the verdict of voluntary manslaughter and had the court clerk
 poll the jury.  At Stegall's request, the trial judge delayed sentencing.  
At the sentencing hearing, the trial judge conferred with counsel
 to determine whether either the State or Stegall had reconsidered its position
 on the issue of mistrial.  The State still desired acceptance of the verdict. 
 Stegall reconsidered and stated, "Your Honor, after consulting with my
 client, we would accept the verdict of voluntary manslaughter."  Stegall
 was then sentenced to twenty-eight years' imprisonment.  This appeal followed.  
Stegall argues the trial judge committed reversible error by
 entering the jury room during deliberations.  We disagree.  
Trial courts have broad discretion in deciding whether to declare
 a mistrial.  State v. Ferguson, 376 S.C. 615, 618, 658 S.E.2d 101, 103   (2008).  An appellate court will not reverse the grant or denial of a mistrial "absent
 an abuse of discretion amounting to an error of law."  Id.  The
 grant of a mistrial is "a serious and extreme measure which should only be
 taken when the prejudice can be removed no other way."  Id. at
 618-19, 658 S.E.2d at 103.  
Entering the jury's verdict instead of declaring a mistrial was
 within the trial judge's broad discretion in this case.  A party who has
 invited or induced a particular ruling by the trial court cannot complain of it
 on appeal, even if the ruling was error.  See Floyd v. Thornton,
 220 S.C. 414, 425-26, 68 S.E.2d 334, 339 (1951).  Although Stegall initially
 opposed the jury's verdict because the trial judge entered the jury room during
 deliberations, he ultimately accepted the verdict without objection.  Stegall
 cannot complain on appeal of a result to which he acceded.  Therefore, the
 decision of the trial judge is
AFFIRMED.
HEARN, C.J., THOMAS and KONDUROS, JJ., concur.

[1] When a jury indicates deadlock, a judge may issue an Allen charge, encouraging them "to approach the evidence with an open mind and
 consider the opinions of their fellow jurors."  State v. Robinson,
 360 S.C. 187, 193, 600 S.E.2d 100, 103 (Ct. App. 2004); see Allen v.
 U.S., 164 U.S. 492, 501-02 (1896).