**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Lamar D. Williams, Appellant.

Appellate Case No. 2012-209188

Appeal From Greenville County
Carmen T. Mullen, Circuit Court Judge,

Unpublished Opinion No. 2014-UP-262
Heard April 10, 2014 – Filed June 30, 2014

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Lamar Dontray Williams appeals his convictions for murder, first-degree burglary, attempted armed robbery, kidnapping, conspiracy, and possession of a weapon during a violent crime, arguing the trial court should have granted a mistrial because (1) the clerk of court erroneously informed the jury that the charges it was to decide included an indictment against him for intimidating or attempting to intimidate a witness or potential witness and (2) a witness called by the State made an impermissible reference to previous charges against him. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the erroneous information from the clerk of court to the jury regarding the charges to be decided during Williams's trial: *State v. Inman*, 395 S.C. 539, 565, 720 S.E.2d 31, 45 (2011) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *State v. Ferguson*, 376 S.C. 615, 618-19, 658 S.E.2d 101, 103 (Ct. App. 2008) ("The '[g]ranting of a mistrial is a serious and extreme measure which should only be taken when the prejudice can be removed no other way.'" (alteration in original) (quoting *State v. Edwards*, 373 S.C. 230, 236, 644 S.E.2d 66, 69 (Ct. App. 2007))); *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 851 (Ct. App. 1999) (stating an appellate court "favors the exercise of wide discretion of the trial judge in determining the merits of [a mistrial] motion in each individual case"); *id.* at 226-27, 522 S.E.2d at 851 ("Among the factors to be considered in ordering a mistrial are the character of the testimony, the circumstances under which it was offered, the nature of the case, and the other testimony in the case."); *State v. Barroso*, 320 S.C. 1, 22-23, 462 S.E.2d 862, 876 (Ct. App. 1995) (acknowledging that evidence that a witness was threatened was improper because there was no connection between the alleged threats and any of the defendants, but upholding the denial of a mistrial because, among other reasons, the trial judge "gave a careful and thorough curative instruction"), *rev'd on other grounds*, 328 S.C. 268, 493 S.E.2d 854 (1997).

2.      As to the witness's surmise that Williams feared being implicated in the victim's murder and related crimes because, among other reasons, "of his charges that he had previous . . . ": *State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911-12 (1996) ("If the trial judge sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured."); *State v. Wasson*, 299 S.C. 508, 510, 386 S.E.2d 255, 256 (1989) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court whose ruling will not be disturbed on appeal in the absence of an abuse of discretion amounting to an error of law."); *id.* ("A mistrial should not be

granted except in cases of manifest necessity and ought to be granted with the greatest caution for very plain and obvious reasons."); *State v. Tuckness*, 257 S.C. 295, 303, 185 S.E.2d 607, 610 (1971) ("The burden on motion for mistrial because of anything occurring during trial is upon movant to show not only error, but resulting prejudice."); *State v. Wilson*, 389 S.C. 579, 586, 698 S.E.2d 862, 865-66 (Ct. App. 2010) (stating the determination of whether the moving party has established sufficient prejudice to warrant a mistrial "'must be based on the entire record and the result will generally turn on the facts of each case'") (quoting *State v. White*, 371 S.C. 439, 447, 639 S.E.2d 160, 164 (Ct. App. 2006))).

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**