**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Richey Lamont Boyd, Appellant.

Appellate Case No. 2012-209166

Appeal From Greenville County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2014-UP-263
Heard April 10, 2014 – Filed June 30, 2014

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Richey Lamont Boyd appeals his convictions for murder, first-degree burglary, attempted armed robbery, kidnapping, conspiracy, and possession of a weapon during a violent crime, arguing the trial court should have granted his motion for a mistrial on the ground that the clerk of court erroneously informed the jury that the charges it was to decide included an indictment against his co-defendant for intimidating or attempting to intimidate a witness or potential witness. We affirm Boyd's convictions pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Inman*, 395 S.C. 539, 565, 720 S.E.2d 31, 45 (2011), ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *State v. Ferguson*, 376 S.C. 615, 618-19, 658 S.E.2d 101, 103 (Ct. App. 2008) ("The '[g]ranting of a mistrial is a serious and extreme measure which should only be taken when the prejudice can be removed no other way.'" (alteration in original) (quoting *State v. Edwards*, 373 S.C. 230, 236, 644 S.E.2d 66, 69 (Ct. App. 2007))); *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 851 (Ct. App. 1999) (stating an appellate court "favors the exercise of wide discretion of the trial judge in determining the merits of [a mistrial] motion in each individual case"); *id.* at 226-27, 522 S.E.2d at 851 ("Among the factors to be considered in ordering a mistrial are the character of the testimony, the circumstances under which it was offered, the nature of the case, and the other testimony in the case."); *State v. Barroso*, 320 S.C. 1, 22-23, 462 S.E.2d 862, 876 (Ct. App. 1995) (acknowledging that evidence a witness was threatened was improper because there was no connection between the alleged threats and any of the defendants, but upholding the denial of a mistrial because, among other reasons, the trial judge "gave a careful and thorough curative instruction"), *rev'd on other grounds*, 328 S.C. 268, 493 S.E.2d 854 (1997).

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**