22631

The STATE, Respondent v. Perry Bush SMITH, Appellant.

(350 S. E. (2d) 923)

Supreme Court

*W. Gaston Fairey* and *Sandra R. Parise,* and *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Oct. 7, 1986.

Decided Nov. 17, 1986.

NESS, Chief Justice:

Appellant was convicted of one count of murder and one count of assault and battery with intent to kill. He was sentenced to concurrent terms of life and ten years. We reverse and remand for a new trial.

Appellant entered the Johnston Post Office at 8:15 a.m. on August 19, 1983, carrying a shotgun. Postmaster Charles McGee and several post office employees fled the building. Appellant pursued McGee to a convenience store where he shot and killed him. Several other people were wounded by gunshot fire before appellant was apprehended.

At trial, appellant relied upon the defense of insanity. He presented psychiatric testimony that at the time of the crime he was legally insane.[1] During cross examination, the solicitor asked the psychiatrist whether he was aware that appellant refused to make a statement to police officers. Defense counsel objected to the question before it could be answered. Rather than giving a curative instruction, the trial judge asked the jurors if any of them remembered the question. One of the jurors responded affirmatively, and the trial judge instructed that juror to "forget it" and not to talk to anybody else [about the question].

An accused has the right to remain silent and the exercise of that right cannot be used against him. The State cannot, through evidence or the solicitor's argument, comment on the accused's exercise of his right to

---

[1] South Carolina applies the M'Naghten standard for determining sanity at the time an offense is committed. *Daniel v. State,* 282 S. C. 155, 317 S. E. (2d) 746 (1984) [the test of whether a defendant is criminally responsible for his act is whether he had the mental capacity to distinguish moral or legal right from moral or legal wrong, and to recognize the particular act charged as morally or legally wrong].

remain silent. *State v. Woods*, 282 S. C. 18, 316 S. E. (2d) 673 (1984). *See also, Doyle v. Ohio*, 426 U. S. 610, 96 S. Ct. 2240, 49 L. Ed. (2d) 91 (1976). Testimony that a defendant refused to comment on an accusation against him is an unconstitutional comment on his post-arrest silence. *State v. Middleton*, 288 S. C. 21, 339 S. E. (2d) 692 (1986); *State v. Sloan*, 278 S. C. 435, 298 S. E. (2d) 92 (1982). The State's use of an accused's post-arrest silence as substantive evidence of his sanity breaches the implicit assurances contained in the warnings and violates the Fourteenth Amendment. *Wainwright v. Greenfield*, ____ U. S. ____ , 106 S. Ct. 634, 88 L. Ed. (2d) 623 (1986). The solicitor's question was obviously intended to focus the jury's attention on appellant's post-arrest silence as substantive evidence of his sanity, and was therefore improper.

The State contends the prejudicial effect of the solicitor's question was cured by the trial judge's curative instruction. An instruction to disregard incompetent evidence is usually deemed to have cured the error unless on the facts of the particular case it is probable that, notwithstanding the instruction, the accused was prejudiced. *State v. Craig*, 267 S. C. 262, 227 S. E. (2d) 306 (1976). Here, however, the trial judge's casual remark to "forget" the question did not serve as a curative instruction. Great care should be exercised in the "delicate, difficult, and important matter" of instructing the jury to disregard incompetent evidence. 75 Am. Jur. (2d), *Trial*, Section 748. The jury should be specifically instructed to disregard the evidence, and not to consider it for any purpose during deliberations. A mere general remark excluding the evidence does not cure the error. *Id.* The error, and the trial judge's failure to take adequate steps to cure the error, require reversal and a new trial.

Because the issue may arise again on retrial, we address one other issue raised by appellant. As evidence of his insanity, appellant attempted to introduce a federal court order dismissing related federal charges on the basis of appellant's incompetence. The trial judge excluded the evidence as irrelevant, and appellant asserts error in this ruling.

Evidence is relevant if it tends to establish or to make

■ more or less probable some matter in issue upon which it directly or indirectly bears. *State v. Schmidt,* 288 S. C. 301, 342 S. E. (2d) 401 (1986). The proffered evidence established only that related federal charges against appellant had been dismissed, and had no bearing at all upon the issue of appellant's guilt on the State charges. The evidence was properly excluded.

Appellant's convictions are reversed and the matter is remanded for a new trial.

Reversed and remanded.