639 S.E.2d 160

**The STATE, Respondent,**

v.

**James Pondesta WHITE, Appellant.**

**No. 4192.**

Court of Appeals of South Carolina.

Submitted Dec. 1, 2006.

Decided Dec. 21, 2006.

Assistant Appellate Defender, Aileen P. Clare, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Thomas E. Pope, of York, for Respondent.

ANDERSON, J.:

James Pondesta White was convicted of distribution of crack cocaine and sentenced to eight years. White appeals, asserting the trial court abused its discretion by not declaring a mistrial after the jury listened to a tape of an *in camera* hearing that was mistakenly played in the place of trial testimony that the jury requested. We affirm.[1]

## *FACTUAL/PROCEDURAL BACKGROUND*

On August 14, 2003, White was involved in the sale of crack cocaine to Mike Lynn. During White's trial, the court held an *in camera* hearing regarding the identification of White by the State's witness, Lieutenant Jason Dalton. At the hearing, Dalton testified that on the day in question, he was inside a vacant house conducting drug surveillance with binoculars. Dalton watched a white truck drive by very slowly, turn around at the end of the street, and return. White approached the vehicle once it came to a complete stop. Dalton stated that he saw White make a motion with his hand, after which the truck drove away only to come back moments later. When called as a fact witness during trial, Dalton testified similarly.

At the trial, Lynn, the driver of the white truck, professed that when White walked up to his vehicle, he informed White he wanted to buy crack cocaine. Following White's instructions, Lynn circled the block and returned. Upon stopping, he was given crack cocaine by White's brother in exchange for twenty dollars.

In the course of its charge of the law, the court invited the jury to request any part of the trial they would like to have replayed. During deliberation, the jury asked to hear Dalton's testimony. However, the court reporter mistakenly played the testimony from the *in camera* hearing. In an effort to correct the error, the court inquired if White would like Dalton's trial testimony played. The court noted that if Dalton's complete trial account was replayed, the jury would ultimately hear the direct testimony two additional times but

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

the cross examination only once more. As a way to mitigate any damage possibly caused by the error, the judge suggested that only the cross-examination be heard again. White did not accept the suggestion and moved for a mistrial. The court denied this motion and issued the following curative instruction:

> Through an honest mistake what you actually heard was not the trial testimony but the testimony from a matter outside your presence, so disregard in its entirety that testimony that was just played for you, just completely disregard it, and we're going to play the correct testimony for you at this time.

Subsequently Dalton's trial testimony replayed in its entirety.

After the jury returned a guilty verdict, White moved for a mistrial and new trial on the ground that the *in camera* testimony had been improperly presented to the jury. The judge denied this motion.

### *LAW/ANALYSIS*

White alleges the accidental playing of the *in camera* hearing violated his constitutional right to a fair trial by an impartial jury and prevented the jury from reaching its verdict only from the evidence properly presented. Specifically, White contends the tape the jury improperly heard "included factual allegations which were peripheral to the hearing's purpose but were repeated at trial as critical evidence in the overall prosecution." He avers that "[m]ost of the *in camera* testimony was not thoroughly cross-examined because of the hearing's limited purpose." White does not point to any specific factual allegations or testimony that required cross-examination, nor does he identify any material or substantive ways in which the *in camera* and trial testimony differed.

### I. Mistrial

The decision to grant or deny a mistrial is within the sound discretion of the trial judge and will not be overturned on appeal absent an abuse of discretion amounting to an error of law. *State v. Crim,* 327 S.C. 254, 257, 489 S.E.2d 478, 479 (1997); *State v. Patterson,* 337 S.C. 215, 226, 522 S.E.2d 845, 851 (Ct.App.1999). Our courts favor the exercise of wide

discretion of the trial judge in determining the merits of such motion in each individual case. *State v. Howard,* 296 S.C. 481, 483, 374 S.E.2d 284, 285 (1988). "It is only in cases of abuse of discretion which result in prejudice that this court will intervene and grant a new trial." *State v. Key,* 256 S.C. 90, 94, 180 S.E.2d 888, 890 (1971). "A mistrial should only be granted in cases of manifest necessity and with the greatest caution for very plain and obvious reasons." *Patterson,* 337 S.C. at 227, 522 S.E.2d at 851; *see also State v. Wasson,* 299 S.C. 508, 386 S.E.2d 255 (1989); *State v. Kirby,* 269 S.C. 25, 28, 236 S.E.2d 33, 34 (1977) ("The power of a court to declare a mistrial ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious causes.").

In *State v. Bilton,* the South Carolina Supreme Court explained, "the proper general rule is this: 'The American cases hold generally that there must be a manifest necessity for the discharge of the jury and leave the Courts to determine in their discretion whether under all the circumstances of each case such necessity exists.'" 156 S.C. 324, 342, 153 S.E. 269, 276 (1930) (emphasis removed). Thus, a mistrial should not be ordered in every case in which incompetent evidence is improperly admitted, *State v. Johnson,* 334 S.C. 78, 89, 512 S.E.2d 795, 801 (1999); *Patterson,* 337 S.C. at 227, 522 S.E.2d at 851, and our ruling must hinge on whether a "manifest necessity" for declaring a mistrial existed. *See State v. Prince,* 279 S.C. 30, 33, 301 S.E.2d 471, 472 (1983) ("The less than lucid test is therefore declared to be whether the mistrial was dictated by manifest necessity or the ends of public justice, the latter being defined as the public's interest in a fair trial designated to end in just judgment.").

The trial judge should first exhaust other methods to cure possible prejudice before aborting a trial. *State v. Council,* 335 S.C. 1, 13, 515 S.E.2d 508, 514 (1999); *Wasson,* 299 S.C. at 511, 386 S.E.2d at 256; *Patterson,* 337 S.C. at 227, 522 S.E.2d at 851. Our supreme court has stated, "The granting of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that prejudicial effect can be removed in no other way." *State v. Kelsey,* 331 S.C. 50, 70, 502 S.E.2d 63, 73 (1998).

## II. Curative Instruction

■■■ "Generally, a curative instruction is deemed to have cured any alleged error." *State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 129 (Ct.App.2005); *see also* 75B Am.Jur.2d *Trial* § 1284 (1992) ("By striking the evidence and instructing the jury to ignore it, the court may often cure its error in admitting the evidence, or render such error harmless, even in criminal cases."). "A curative instruction to disregard incompetent evidence and not to consider it during deliberation is deemed to have cured any alleged error in its admission." *State v. Walker*, 366 S.C. at 658, 623 S.E.2d at 130; *see also Kelsey*, 331 S.C. at 70, 502 S.E.2d at 73 (instruction to disregard inadmissible evidence is usually viewed as having corrected the error in its admission). "Because a trial court's curative instruction is considered to cure any error regarding improper testimony, a party must contemporaneously object to a curative instruction as insufficient or move for a mistrial to preserve an issue for review." *Patterson*, 337 S.C. at 226, 522 S.E.2d at 850; *see also State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) (no issue is preserved for appellate review if the objecting party accepts the judge's ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial). If the trial judge sustains a timely objection to evidence and gives the jury a curative instruction that it be disregarded, the error is deemed to have been cured by the instruction. *George*, 323 S.C. at 510, 476 S.E.2d at 911–12.

*State v. Smith*, 290 S.C. 393, 350 S.E.2d 923 (1986), addressed the issue of what constitutes a sufficient curative instruction. The supreme court reversed the trial court for its failure to give an adequate instruction after the solicitor improperly asked the psychiatrist if he was aware the defendant had refused to give a statement to the police. The judge asked the members of the jury if anyone remembered the solicitor's question. When one juror responded affirmatively, the judge simply instructed that juror to "forget it" and not to speak with anybody else regarding the question. *Id.*, 290 S.C. at 394, 350 S.E.2d at 924.

Reasoning that the judge's casual remark to "forget" the question did not serve as a curative instruction, the supreme court inculcated:

> Great care should be exercised in the "delicate, difficult and important matter" of instructing the jury to disregard incompetent evidence. The jury should be specifically instructed to disregard the evidence, and not to consider it for any purpose during deliberations. A mere general remark excluding the evidence does not cure the error.

*Id.,* 290 S.C. at 395, 350 S.E.2d at 924 (internal citations omitted).

In *State v. Patterson,* 337 S.C. 215, 522 S.E.2d 845 (Ct.App. 1999), the trial court held an *in camera* hearing regarding a motion to suppress an in-court identification of the defendant because of an allegedly tainted pre-trial photo lineup. Although the judge ruled that unique circumstances in the case would create an impermissible comment on the defendant's character if a particular witness were to mention when he placed the defendant's picture in the lineup, this exact information was elicited from the witness during trial. The defendant promptly objected to the improper testimony and moved for a mistrial. Finding "there [was] no manifest necessity ... for the declaration of mistrial," the trial court denied the motion and gave a curative instruction to the jury. On appeal, this court found no error in the judge's actions, agreed that a mistrial was not required, and found "[t]he extensive curative instruction given by the trial judge cured any possible error and eliminated any conceivable prejudice." 337 S.C. at 227, 522 S.E.2d at 851.

### III. Prejudice

While an instruction to disregard incompetent evidence usually is deemed to have cured the error in its admission, a mistrial may still be required if on the facts of the particular case it is probable, notwithstanding such instruction or withdrawal, the accused was prejudiced. *State v. Simpson,* 325 S.C. 37, 479 S.E.2d 57 (1996); *see also* 75B Am.Jur.2d *Trial* § 1284 (1992) ("Error is not always rendered harmless by instructions to the jury to disregard it or to give it only a limited effect. The test is one of prejudice.") (footnotes omitted). Analogously, even without a curative instruction, an error not shown to be prejudicial to the appellant does not constitute grounds for reversal. *State v. Patterson,* 367 S.C. 219, 228, 625 S.E.2d 239, 243 (Ct.App.2006) (rehearing denied

March 28, 2006); *see also State v. Preslar,* 364 S.C. 466, 472–73, 613 S.E.2d 381, 384 (Ct.App.2005) ("A court's ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error, which results in prejudice to the defendant.") (citations omitted).

▮▮▮ The South Carolina Rules of evidence provide, "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of party is affected...." Rule 103, SCRE. Thus, reversal on appeal is only required where a substantial right of a party has been affected. Notes to Rule 103, SCRE (citing Michael H. Graham, *Handbook of Federal Evidence,* § 103.1 (3rd ed. 1981)). "[E]rror which is harmless does not affect a substantial right." *Id.* "Error is harmless where it could not reasonably have affected the results of the trial." *State v. Reeves,* 301 S.C. 191, 193–94, 391 S.E.2d 241, 243 (1990). Similarly, our appellate courts have consistently held that a trial court should only be reversed when an error is prejudicial and not harmless. *See State v. Sosebee,* 284 S.C. 411, 326 S.E.2d 654 (1985) (probable prejudice must be shown); *Watts v. Bell Oil Co.,* 266 S.C. 61, 221 S.E.2d 529 (1976) (prejudice must be shown).

"Whether an offer of improper evidence requires a reversal depends upon the character and importance of the evidence offered and the good or bad faith of counsel, and each case must be judged on its own circumstances. The vital inquiry usually is whether or not the verdict was substantially influenced by the impropriety." 75A Am.Jur.2d *Trial* § 502 (1991) (footnotes omitted).

▮▮▮ "The determination of prejudice must be based on the entire record and the result will generally turn on the facts of each case." *State v. Douglas,* 367 S.C. 498, 523, 626 S.E.2d 59, 72 (Ct.App.2006) (citing *State v. Fletcher,* 363 S.C. 221, 609 S.E.2d 572 (Ct.App.2005)); *accord State v. Johnson,* 334 S.C. 78, 91, 512 S.E.2d 795, 803 (1999) ("The prejudicial character of the error must be determined from its relationship to the entire case."). "The admission of improper evidence is harmless where the evidence is merely cumulative to other evidence." *Douglas,* 367 S.C. at 520, 626 S.E.2d at 71. Insubstantial errors that do not impact the result of a case do not warrant a mistrial when guilt is conclusively proven by

competent evidence. *State v. Key,* 256 S.C. 90, 93, 180 S.E.2d 888, 889 (1971); *see also State v. Gathers,* 295 S.C. 476, 480, 369 S.E.2d 140, 143 (1988) (aff'd by *South Carolina v. Gathers,* 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989)) (stating that in light of overwhelming evidence of the defendant's guilt, any alleged error regarding the judge's charge to the jury was harmless beyond a reasonable doubt). To warrant reversal, "the errors must adversely affect [the defendant's] right to a fair trial." *Johnson,* 334 S.C. at 93, 512 S.E.2d at 803.

Our supreme court has held:

Whether the error in a given case shall be regarded as harmless on appeal may often depend on the circumstances of the particular case rather than on any definite rules of law, the materiality and prejudicial character of the alleged error being determined in its relation to the entire case. Accordingly, the appellate courts are disposed to regard as harmless intervening errors where it appears from the record that the conviction is clearly correct on the merits; where it appears on the whole case that substantial justice has been done; where the record shows that accused had a fair trial; where the record conclusively shows that the alleged error could not have resulted in prejudice; where from the whole record the guilt of accused appears to be clearly established; where no other verdict could have been returned on the evidence, and where the conviction was just and would have been reached if the errors had not been committed. So, also, where it can be said from the record that the errors complained of could not reasonably have affected the result of the trial, they may be regarded as harmless, and this particularly where proof of accused's guilt is clear.

*State v. Key,* 256 S.C. 90, 93–94, 180 S.E.2d 888, 889–90 (1971) (internal citations and quotations omitted).

In *State v. Howard,* 296 S.C. 481 374 S.E.2d 284 (1988), the prosecution impermissibly entered statements of other crimes into evidence through the testimony of a codefendant. The first time this occurred, the court properly instructed the jurors to disregard what they had heard. However, the judge gave no curative instruction when similar improper statements were given a second time. Nonetheless, on appeal the su-

preme court found the defendant had not been prejudiced by the error and thus a reversal was not required. Citing *State v. Livingston*, 282 S.C. 1, 317 S.E.2d 129 (1984), the court stated, "Where guilt is conclusively proven by competent evidence and no rational conclusion can be reached other than that the accused is guilty, a conviction will not be set aside because of insubstantial errors not affecting the result." *Howard*, 296 S.C. at 485, 374 S.E.2d at 286.

## CONCLUSION

The substance of Officer Dalton's statements in front of and outside of the jury's presence were almost identical one another. A key part of Dalton's testimony, his observation of White's hand motion, was contained in both his *in camera* and trial testimony. Nothing material or that could have feasibly required cross-examination was said in the hearing that did not come out when Dalton took the stand. Even in the event there had been additional or differing testimony during the hearing, White has failed to show how the judge's curative instruction was insufficient to resolve the issue.

The burden is on the movant to show not only error, but resulting prejudice justifying a mistrial. *State v. Council*, 335 S.C. 1, 13, 515 S.E.2d 508, 514 (1999). Had a curative instruction not been given for the jury to have disregarded the improperly played audio tape, White would still be required to show prejudice resulted from the error. White has not demonstrated why the curative instruction was not sufficient to cure the error and how he was prejudiced by the accidental playing of Dalton's *in camera* hearing that was so similar to his actual trial testimony.

 The judge responded with propriety and alacrity when the tape of the *in camera* hearing was inadvertently played for the jury. "[T]he Constitution entitles a criminal defendant to a fair trial, not a perfect one." *State v. Mitchell*, 330 S.C. 189, 199–200, 498 S.E.2d 642, 647–48 (1998) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986)). The potency of the court's curative instruction expunged and extirpated any alleged damage possibly caused by error. No prejudice was suffered.

450

Concomitantly, White's motion for a mistrial was properly denied and his conviction is

**AFFIRMED.**

HUFF and BEATTY, JJ., concur.