THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jamul Ratub El, Appellant.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge
Unpublished Opinion No. 2008-UP-579
Submitted October 1, 2008  Filed October
 15, 2008
AFFIRMED

 
 
 
 Chief Appellant Defender, Joseph L. Savitz, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,  Assistant
 Attorney General Julie M. Thames, all of Columbia; Solicitor Kevin S. Brackett,
 of York, for Respondent.
 
 
 

PER CURIAM:  Jamul Ratub El appeals his conviction for cocaine trafficking, arguing
 the trial court committed reversible error in denying his motion for a mistrial. 
 We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  State v.
 George, 323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) (No issue is
 preserved for appellate review if the objecting party accepts the [courts]
 ruling and does not contemporaneously make an additional objection to the
 sufficiency of the curative charge or move for a mistrial.); State v.
 Patterson, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999) ([A]
 trial courts curative instruction is considered to cure any error regarding
 improper testimony, a party must contemporaneously object to a curative
 instruction as insufficient or move for a mistrial to preserve an issue
 for review.) (emphasis in original); State v. Johnson, 334 S.C. 78, 89-90,
 512 S.E.2d 795, 801 (1999) (holding unless the accused is prejudiced, a curative
 instruction to disregard objectionable evidence is usually deemed to cure the
 error and admission of inadmissible testimony can be harmless error where the
 trial court properly admonished the jury to disregard the testimony); State
 v. White, 371 S.C. 439, 444, 639 S.E.2d 160, 162 (Ct. App. 2006)
 (recognizing a mistrial should only be granted in cases of manifest necessity
 and with the greatest caution for very plain and obvious reasons and should not
 be ordered in every case where incompetent evidence is received).  
AFFIRMED.
SHORT,
 THOMAS, and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.