THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jerome Curtis
 Buckson, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2010-UP-282
Submitted May 3, 2010  Filed May 20, 2010    

AFFIRMED

 
 
 
 Appellate
 Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General
 Harold M. Coombs, Jr., all of Columbia; and Solicitor Harold W. Gowdy, III, of
 Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Jerome Curtis Buckson appeals his conviction for
 first-degree burglary, arguing the trial court:  (1) erred in denying his
 motion for a directed verdict, and (2) abused its discretion in denying his
 motion for a mistrial when hearsay previously ruled inadmissible was admitted
 into evidence.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1. As to whether the trial court
 erred in denying his motion for a
 directed verdict: State v. Crawford, 362 S.C. 627, 633, 608 S.E.2d 886,
 889 (Ct. App. 2005) ("On appeal from the denial of a directed verdict in a
 criminal case, an appellate court must view the evidence in the light most
 favorable to the State.  When ruling on a motion for a directed verdict, the
 trial court is concerned with the existence or nonexistence of evidence, not
 its weight.  If there is any direct evidence or substantial circumstantial
 evidence reasonably tending to prove the guilt of the accused, this [c]ourt
 must find the case was properly submitted to the jury.") (internal
 citations omitted).
2. As to whether the trial court abused
 its discretion in denying his motion for a mistrial when hearsay previously
 ruled inadmissible was admitted into evidence: State
 v. White, 371 S.C. 439, 445, 639
 S.E.2d 160, 163 (Ct. App. 2006) ("Because
 a trial court's curative instruction is considered to cure any error regarding
 improper testimony, a party must contemporaneously object to a curative
 instruction as insufficient or move for a mistrial to preserve an issue for
 review.") (quotations and citation omitted).
AFFIRMED.
HUFF, SHORT, and WILLIAMS,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.