THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Michael Villiers, Appellant.
 
 
 

Appeal From Horry County
 Benjamin H. Culbertson, Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-555
Submitted November 1, 2011  Filed
 December 9, 2011   

AFFIRMED

 
 
 
Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia;
 and Solicitor J. Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM: Michael
 Villiers appeals his conviction for assault and battery of a high and
 aggravated nature.  He argues the trial court erred in denying his motion for a
 mistrial made after a witness testified during his trial for assault and
 battery with intent to kill that Villiers was asked to leave a club after
 offering cocaine to various persons inside the club.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. White, 371 S.C. 439, 443, 639 S.E.2d 160, 162
 (Ct. App. 2006) ("The decision to grant or deny a mistrial is within the
 sound discretion of the trial [court] and will not be overturned on appeal absent
 an abuse of discretion amounting to an error of law."); State v. Bantan, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App.
 2010) ("The granting of a motion for mistrial is an extreme measure that should be taken only
 when the incident is so grievous the prejudicial effect can be removed in no
 other way."); id. ("A mistrial should be
 granted only when absolutely necessary and a defendant must show both error and
 resulting prejudice to be entitled to a mistrial.");  White, 371 S.C. at
 444, 639 S.E.2d at 162 ("The trial
 [court] should first exhaust other methods to cure possible prejudice before
 aborting a trial.");  State v. Spears, 393 S.C. 466, 485, 713
 S.E.2d 324, 334 (Ct. App. 2011) ("An instruction to disregard incompetent
 evidence usually is deemed to have cured the error in its admission unless . .
 . it is probable that notwithstanding such instruction or withdrawal the
 accused was prejudiced." (citation omitted)).
AFFIRMED.
 SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.