THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Garvin Duvall, Appellant
 
 
 

Appeal From Anderson County
 J. Cordell Maddox, Jr., Circuit Court
Judge

Unpublished Opinion No. 2012-UP-132
 Heard February 16, 2012  Filed February
29, 2012    

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek,
 for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald
 J. Zelenka, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Garvin Duvall appeals his convictions for murder, conspiracy, and
 possession of a firearm during the commission of a violent crime.  Duvall
 argues that statements of the decedent regarding his belief that Duvall's
 co-defendant was planning to shoot him or set his car on fire constituted inadmissible
 hearsay.  Duvall also argues these statements were unfairly prejudicial and
 their prejudicial effect substantially outweighed their probative value. 
 We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State
 v. George, 323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) (holding that an issue is not preserved for review if the objecting party
 accepts the judge's ruling and does not contemporaneously make an additional
 objection to the sufficiency of the curative instruction or move for a
 mistrial); State v. Wilson, 389 S.C. 579, 583, 698 S.E.2d 862, 864 (Ct.
 App. 2010) (holding that the law assumes
 a curative instruction will remedy an error and failure to object to the
 sufficiency of the charge renders the issue waived and unpreserved for
 appellate review); State v. White, 371 S.C. 439, 445, 639 S.E.2d 160, 163 (Ct. App. 2006) ("Because a trial court's curative instruction
 is considered to cure any error regarding improper testimony, a party must
 contemporaneously object to a curative instruction as insufficient or move for
 a mistrial to preserve an issue for review." (quoting State v. Patterson, 337 S.C.
 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999))).
AFFIRMED.
FEW, C.J., PIEPER and GEATHERS, JJ.,
 concur.