**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State,                                    Respondent,

v.

Taurus Watts,                                 Appellant.

---

Appeal From Richland County
J. Michelle Childs, Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-381
Submitted June 1, 2012 – Filed June 20, 2012

---

**AFFIRMED**

---

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald Zelenka, Assistant Attorney General Alphonso Simon, Jr., all of

Columbia; and Solicitor Daniel E. Johnson, of Columbia, for Respondent.

**PER CURIAM:** Taurus Watts appeals his conviction of murder, arguing the trial court erred in refusing to declare a mistrial when (1) the State asked a witness if she was scared to talk to police because she was afraid her cooperation was going to get her killed, and (2) another witness testified he saw Watts's co-defendant in the "holding tank" the same day he saw Watts. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: <u>State v. White</u>, 371 S.C. 439, 445, 639 S.E.2d 160, 163 (Ct. App. 2006) ("Generally, a curative instruction is deemed to have cured any alleged error."); <u>State v. Wilson</u>, 389 S.C. 579, 585-86, 698 S.E.2d 862, 865 (Ct. App. 2010) (holding a mistrial should be granted only when absolutely necessary and should only result when the defendant can show both error and resulting prejudice).

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.