**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Robert Singletary, Appellant.

Appellate Case No. 2010-166266

-----

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

-----

Unpublished Opinion No. 2012-UP-589
Submitted October 1, 2012 – Filed October 31, 2012

-----

**AFFIRMED**

-----

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney General David A. Spencer, all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

-----

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 851 (Ct. App. 1999) ("The decision to grant or deny a motion for a mistrial is within the sound discretion of the trial [court] and will not be overturned on appeal absent an abuse in discretion amounting to an error of law."); *State v. Kelsey*, 331 S.C. 50, 70, 502 S.E.2d 63, 73 (1998) ("The granting of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that prejudicial effect can be removed in no other way."); *State v. White*, 371 S.C. 439, 444, 639 S.E.2d 160, 163 (Ct. App. 2006) ("A curative instruction to disregard incompetent evidence and not to consider it during deliberation is deemed to have cured any alleged error in its admission." (quoting *State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 130 (Ct. App. 2005))).

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.