**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Vice, Appellant.

Appellate Case No. 2012-213412

———————————

Appeal From Williamsburg County
Clifton Newman, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-103
Submitted February 1, 2014 – Filed March 12, 2014

———————————

**AFFIRMED**

———————————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in denying the motion for a mistrial: *State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 129 (Ct. App. 2005) ("Generally, a curative instruction is deemed to have cured any alleged error."); *State v. White*, 371 S.C. 439, 446, 639 S.E.2d 160, 164 (Ct. App. 2006) ("While an instruction to disregard incompetent evidence usually is deemed to have cured the error in its admission, a mistrial may still be required if on the facts of the particular case it is probable, notwithstanding such instruction or withdrawal, the accused was prejudiced."); *id.* at 447, 639 S.E.2d at 164 (noting a determination as to prejudice must be based on the entire record and the result will generally turn of the facts of each case); *id.* (noting the admission of improper evidence is considered harmless when the improper evidence is merely cumulative to other evidence presented during trial).

2.  As to whether the trial court erred in charging the jury: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court.] Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.