**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gerald Jarrod Ancrum, Appellant.

Appellate Case No. 2017-001335

---

Appeal From Charleston County
William P. Keesley, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-075
Submitted January 1, 2019 – Filed February 13, 2019

---

**AFFIRMED**

---

Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**PER CURIAM:** Gerald Jarrod Ancrum appeals his conviction of distribution of heroin, arguing the trial court erred in failing to declare a mistrial when the State elicited prior bad acts testimony from the confidential informant that resulted in the

admission of prejudicial and improper evidence in the case. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. White*, 371 S.C. 439, 443, 639 S.E.2d 160, 162 (Ct. App. 2006) ("The decision to grant or deny a mistrial is within the sound discretion of the trial judge and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *State v. Howard*, 296 S.C. 481, 483, 374 S.E.2d 284, 285 (1988) ("Among the factors to be considered in ordering a mistrial are the character of the testimony, the circumstances under which it was offered, the nature of the case, and the other testimony in the case."); *State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) ("A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial."); *id.* ("The granting of a motion for a mistrial is an extreme measure that should only be taken if an incident is so grievous that the prejudicial effect can be removed in no other way."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 129 (Ct. App. 2005) ("Generally, a curative instruction is deemed to have cured any alleged error."); *State v. Smith*, 290 S.C. 393, 395, 350 S.E.2d 923, 924 (1986) ("An instruction to disregard incompetent evidence is usually deemed to have cured the error unless on the facts of the particular case it is probable that, notwithstanding the instruction, the accused was prejudiced.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.