**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Bryan Jeffrey Ellis, Appellant.

Appellate Case No. 2017-001558

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2019-UP-166
Submitted April 1, 2019 – Filed May 8, 2019
Withdrawn, Substituted, and Refiled June 26, 2019

**AFFIRMED**

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jonathan Scott Matthews, both of
Columbia; and Solicitor Samuel R. Hubbard, III, of
Lexington, all for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Scott*, 405 S.C. 489, 497, 748 S.E.2d 236, 241 (Ct. App. 2013) ("In reviewing a trial court's ruling on the admissibility of evidence, appellate courts recognize that the trial [court] has considerable latitude in this regard and will not disturb such rulings absent a prejudicial abuse of discretion."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("Under Rule 401, SCRE, evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis."); *Adams*, 354 S.C. at 378, 580 S.E.2d at 794 ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); Rule 404(a)(1), SCRE ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except: . . . .  Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same; . . ."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Douglas*, 367 S.C. 498, 508, 626 S.E.2d 59, 64 (Ct. App. 2006) ("To warrant reversal based on the admission or exclusion of evidence, the complaining party must prove both the error of the ruling and the resulting prejudice."), *aff'd in part, rev'd in part*, 380 S.C. 499, 671 S.E.2d 606 (2009)); *id.* ("To show prejudice, there must be a reasonable probability that the jury's verdict was influenced by the challenged evidence or the lack thereof."); *State v. Young*, 420 S.C. 608, 624, 803 S.E.2d 888, 896 (Ct. App. 2017) ("Limiting instructions are deemed to cure error unless 'it is probable that, notwithstanding the instruction, the accused was prejudiced.'" (quoting *State v. Smith*, 290 S.C. 393, 395, 350 S.E.2d 923, 924 (1986))).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.