**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brenda L. Roberts, Appellant.

Appellate Case No. 2017-001103

———————

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-072
Submitted February 1, 2020 – Filed March 11, 2020

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor David Matthew
Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Brenda L. Roberts appeals her conviction and fourteen-year sentence for accessory after the fact of a felony. Roberts argues the circuit court erred by admitting three written statements made by a non testifying individual.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Young*, 420 S.C. 608, 624, 803 S.E.2d 888, 896 (Ct. App. 2017) ("Limiting instructions are deemed to cure error unless 'it is probable that, notwithstanding the instruction, the accused was prejudiced.'" (quoting *State v. Smith*, 290 S.C. 393, 395, 350 S.E.2d 923, 924 (1986))); *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999) ("Because a trial court's curative instruction is considered to cure any error regarding improper testimony, a party must contemporaneously object to a curative instruction as insufficient *or* move for a mistrial to preserve an issue for review.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.