**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dale Eugene King, Appellant.

Appellate Case No. 2019-002078

———————

Appeal From Beaufort County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-091
Submitted February 1, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

Appellate Defender Adam Sinclair Ruffin, of North Charleston, for Appellant.

Attorney General Alan McCrory, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Julianna E. Battenfield, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Dale Eugene King appeals his conviction for murder and sentence of thirty-five years' imprisonment. On appeal King argues the trial court erred in (1) failing to grant a mistrial after the trial court instructed the jury that a trial is a "search for the truth" in its opening remarks; (2) failing to grant a mistrial after Decedent's sister testified of a prior episode of domestic violence allegedly committed by King against Decedent; and (3) admitting the testimony of King's daughter and the arresting officer of a physical assault King allegedly committed against Decedent two months prior to Decedent's death. We affirm.

1. We hold the trial court did not abuse its discretion by refusing to grant a mistrial after it instructed the jury that a trial is a "search for the truth." *See State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) ("The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."). The trial court's "search for the truth" remarks came at the beginning of trial; the trial court did not give the jury any charges on the law or reasonable doubt at the time the remarks were made; the trial court, the State, and King devoted time in each of their opening remarks to explain the State's burden of proof and reasonable doubt; and the trial court properly instructed the jury on the law during its instructions immediately before deliberations. *See State v. Beaty*, 423 S.C. 26, 34, 813 S.E.2d 502, 506 (2018) (holding the trial court's search for the truth comment during its opening remarks not to be reversible error where it was a "mere statement to the jury and not a charge on the law. . . . [and] the remarks were not linked to either the reasonable doubt or circumstantial evidence charges"); *State v. Patterson*, 425 S.C. 500, 512, 823 S.E.2d 217, 224 (Ct. App. 2019) (holding the trial court's search for the truth remark was not reversible error because the "comments came at the beginning of trial rather than the charge on the State's burden of proof at the end"); *id.* at 512, 823 S.E.2d at 224 ("Furthermore, . . . we note the trial court gave an accurate definition of reasonable doubt later during its opening statement and again in the jury charge."). Additionally, King's guilt was conclusively proven by King's own statements and the autopsy report presented by the State. *See State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, the Court should not set aside a conviction because of insubstantial errors not affecting the result.").

2. We hold the trial court did not abuse its discretion by refusing to grant a mistrial after Decedent's sister testified King had committed a previous incident of domestic abuse. *See Harris*, 382 S.C. at 117, 674 S.E.2d at 537 ("The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."). Following the sister's statement and King's objection, the trial

court immediately instructed the jury to disregard the statement. *See State v. Smith*, 290 S.C. 393, 395, 350 S.E.2d 923, 924 (1986) ("The jury should be specifically instructed to disregard [incompetent] evidence, and not to consider it for any purpose during deliberations."); *State v. Young*, 420 S.C. 608, 623, 803 S.E.2d 888, 896 (Ct. App. 2017) ("We start by presuming the cure worked, for we also presume juries follow their instructions."); *id.* at 624, 803 S.E.2d at 896 ("Limiting instructions are deemed to cure error unless 'it is probable that, notwithstanding the instruction, the accused was prejudiced.'" (quoting *Smith*, 290 S.C. at 395, 350 S.E.2d at 924)). Additionally, King's own statements and the autopsy report presented by the State conclusively proved King's guilt. *See Bailey*, 298 S.C. at 5, 377 S.E.2d at 584 ("When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, the Court should not set aside a conviction because of insubstantial errors not affecting the result.").

3. We hold King's argument that the trial court erred by admitting testimony about alleged prior difficulties between Decedent and King is not preserved for appeal because King failed to contemporaneously renew his objection to the testimony at trial. *See State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court."); *State v. Smith*, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999) ("A pretrial ruling on the admissibility of evidence is preliminary and is subject to change based on developments at trial."); *State v. Mueller*, 319 S.C. 266, 268, 460 S.E.2d 409, 410 (Ct. App. 1995) ("Because the evidence developed during trial may warrant a change in the ruling, the losing party must renew his objection at trial when the evidence is presented in order to preserve the issue for appeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., GEATHERS, J., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.