**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Che Leon Ransom, Jr., Appellant.

Appellate Case No. 2023-001348

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2026-UP-069
Heard December 9, 2025 – Filed February 18, 2026

**AFFIRMED**

Appellate Defender Lara M. Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Brown, Assistant Attorney General Tommy Evans, Jr., all of Columbia, and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

**PER CURIAM:** Che Ransom, Jr., was convicted of murder and three counts of attempted murder for his involvement in the shooting death of Jamie Johnson. Ransom was one of six young men the state alleged ambushed Johnson and his passengers. Ransom appeals his conviction, arguing he was denied his Sixth Amendment right to confrontation when the trial court admitted the confession of his non-testifying co-defendant, Travontae Mitchell. Ransom argues that Mitchell's statement implicated him in the murder and the trial court therefore erred in denying his motion for a mistrial on that ground. In addition, Ransom argues the trial court erred in admitting his booking photograph. We affirm.

1. Ransom argues that the admission of Travontae Mitchell's confession referencing Mitchell being "between two others" in the backseat of the car shortly before the shooting violated his Confrontation Rights. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987) ("The Confrontation Clause of the Sixth Amendment, extended against the States by the Fourteenth Amendment, guarantees the right of a criminal defendant 'to be confronted with the witnesses against him.'" (quoting U.S. Const. amend. VI)); *Pointer v. Texas*, 380 U.S. 400, 401 (1965) (finding that the sixth amendment right to confrontation "include[s] the right to cross-examine those witnesses").

After Mitchell's confession was introduced, the trial court denied Ransom's motion for a mistrial finding that, although the admission of Mitchell's confession was in error, Ransom was not prejudiced because multiple witnesses testified that Ransom was present in the car. Based on the South Carolina Supreme Court's holding in *State v. McDonald*, we agree that admission of the confession was error. 412 S.C. 133, 141, 771 S.E.2d 840, 844 (2015) (finding the redaction of a non-testifying codefendant's confession replacing the defendant's name for the term "another person" and "he" violated the defendant's confrontation clause rights because "the jury was left with the inescapable conclusion that [the non-testifying codefendant's] confession referred to [the Defendant] . . ."). We also agree that there was no resulting prejudice from the introduction of Mitchell's confession.[1]

---

[1] Neither party to this appeal addressed the relevance of the recent United States Supreme Court decision regarding the redaction of a non-testifying codefendant's confession using the term "other person." *Samia v. United States*, 599 U.S. 635, 640 (2023) (finding a defendant's Confrontation Clause rights were not violated "where (1) the confession has been modified to avoid directly identifying the

*See State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court. The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law.") (citation omitted); *State v. Wilson*, 389 S.C. 579, 585–86, 698 S.E.2d 862, 865 (Ct. App. 2010) ("A mistrial should only be granted when absolutely necessary, and a defendant must show both error and prejudice in order to be entitled to a mistrial."); *id*. ("Insubstantial errors that do not impact the result of the case do not warrant a mistrial when guilt is conclusively proven by competent evidence." (quoting *State v. White*, 371 S.C. 439, 447–48, 639 S.E.2d 160, 164 (Ct. App. 2006))); *Wilson*, 389 S.C. at 586, 698 S.E.2d at 865–66 ("The determination of prejudice must be based on the entire record and the result will generally turn on the facts of each case." (quoting *White*, 371 S.C. at 447, 639 S.E.2d at 164)). Any prejudice to Ransom was rendered harmless by his own admission to police that (1) he was in the vehicle at the time the crime occurred, (2) he formulated a plan to rob Jamie Johnson "for money and/or weed," (3) he had a KelTec 9mm handgun at the time of the incident, and (4) he got out of the vehicle at the time of the incident "attempted to fire but the gun jammed, so he got back in the vehicle, racked the slide, and fired shots as they were pulling off."[2]

2. Ransom argues the trial court erred in admitting his booking photograph into evidence because it was irrelevant and prejudicial. We disagree. All relevant evidence is admissible. Rule 402, SCRE. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . ." Rule 403, SCRE.

---

non[-]confessing codefendant and (2) the court offers a limiting instruction that jurors may consider the confession only with respect to the confessing codefendant").

[2] In addition to Ransom's statements, the jury heard other evidence that made the admission of Mitchell's confession harmless. Ransom's trial attorney stipulated at the beginning of trial that Ransom was in the car when the incident occurred—in fact, his theory was that "he's guilty of being at the wrong place at the wrong time." The state also introduced a video showing Ransom getting into the car used by the shooters. In addition, Graham (a co-defendant) testified that Ransom was in the car, and McLeod testified that Ransom was one of the shooters.

"The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court." *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996). "If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it." *Id.* "When juxtaposing the prejudicial effect against the probative value, the determination must be based on the entire record and will turn on the facts of each case." *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008). "The introduction of a 'mug-shot' of a defendant is reversible error unless: (1) the state has a demonstrable need to introduce the photograph, (2) the photograph shown to the jury does not suggest the defendant has a criminal record, and (3) the photograph is not introduced in such a way as to draw attention to its origin or implication." *State v. Ford*, 334 S.C. 444, 450, 513 S.E.2d 385, 388 (Ct. App. 1999).

We find no reversible error in the decision to admit the photographs because the state demonstrated a need to introduce photos of the defendants taken close in time to the shooting to corroborate the witnesses' descriptions of the shooters. Because the trial took place three years after the shooting, Ransom's appearance may have changed substantially in the interim from the "youthful" appearance described by the witnesses. Additionally, we find there was little prejudice because the jury was aware that Ransom had been arrested for the crimes in this case. Finally, the trial court informed the jury that none of the defendants had a "RAP sheet" (outside of the crimes they were on trial for), stating "[I] do need to let you know that the parties have stipulated, which is a fact that you must accept during this case, is that none of these three defendants have a RAP sheet, and therefore, any alleged alias could not have come from a RAP sheet because none of them have a RAP sheet." *See Ford*, 334 S.C. at 450, 513 S.E.2d at 388 (finding a line-up including a photo of the appellant was admissible "because the state had a demonstrable need to introduce the photos and because there was nothing about the photographs or the way they were introduced that suggested [the appellant] had a prior criminal record"). Any concerns that the jury would draw an improper conclusion from the photos that Appellant had a criminal record were alleviated by the trial court's statement to the jury informing them that Appellant did not have a "RAP sheet."

**AFFIRMED.**

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**